[No. 1581.]

CHENEY v. WOODWORTH.

1. DEPOSITIONS—AUTHENTICATION—STATUTORY CONSTRUCTION.

The statutory requirement that in taking depositions the interrogatories and answers shall be carefully read to the witness before signing does not require the certificate of the officer to state that they were "carefully" read to the witness before signing. A certificate that certifies simply that the deposition was read to the witness before signing is sufficient. It will be presumed it was read with that care required by the statute.

2. PRINCIPAL AND AGENT—MONEY HAD AND RECEIVED.

Where a party borrowed money through the local agent of a loan company and in his application appointed the agent his agent to procure the loan, and the borrower gave an order on the company for the money to a third party, which was accepted, and the company paid part of the money direct to the party holding the order and remitted the balance to the agent to be paid on the order, an action could be maintained by the person holding the order against the agent for the money received from the company as for money had and received for the use of plaintiff without making the company a party.

3. APPELLATE PRACTICE—FINDINGS OF TRIAL COURT.

Findings of the trial court on conflicting evidence not manifestly against the weight of evidence are conclusive on the appellate court.

*Appeal from the District Court of Rio Grande County.*

Mr. CHAS. M. CORLETT, for appellant.

Mr. JESSE STEPHENSON, for appellee.

WILSON, J.

This suit was to recover the sum of $200 alleged to have

been had and received by defendant Cheney for the use of
plaintiff, and grew out of the following transaction: The
Colorado Securities Company was a corporation carrying on
the business of the buying and selling of mortgages and the
negotiation of loans upon real estate, and whose chief place
of business was at Denver.   Defendant was its agent at
Monte Vista.   About February, 1893, one Samuel L. Rhodes
made application to him for a loan upon certain real estate
owned by him.   The application was in the usual form, and
was in writing, signed by Rhodes, setting forth a description
of the land, the improvements thereon situate, and such other
matters as are customary in such cases.   The application also
contained the following: "I do hereby constitute and appoint
L. H. Cheney my attorney, for me and in my name, place and
stead to procure a loan of one thousand dollars for a term of
five years, to be secured by a first mortgage upon the prop-
erty above described, thereby ratifying and confirming all that
my said attorney may do in the premises, and making it as
effectual as if done by myself."   In a short time, defendant
was notified by the company that the application would be
accepted; thereupon Rhodes prepared the necessary mortgage
or deed of trust, note, etc., and delivered them to the defend-
ant, by whom they were transmitted to the securities com-
pany.   It appeared to have been the intention to use a part
of this money for payment of the necessary amount to the
government to secure a patent to the land, some for im-
provements, and the balance was to be paid to the plaintiff
Woodworth, to whom Rhodes appears to have been indebted.
In pursuance of this, immediately upon the allowance of the
loan, defendant, at the request of Rhodes and Woodworth,
prepared a written order upon the securities company by
Rhodes in favor of plaintiff, for the payment to plaintiff of
all the money to be realized from the loan, over and above
the amounts to be used for the contemplated improvements,
and for a small sum of about $50.00, due to another creditor
of Rhodes.   This order was accepted and retained by defend-
ant.   From time to time thereafter various sums of money

were paid on account of the loan by the defendant and the securities company itself appears to have paid some money to the plaintiff without transmitting it through its agent, the defendant. About May 24, the plaintiff received notice from the securities company that it had forwarded to defendant the sum of $200 for payment to him on account of the Rhodes loan. Application was made to defendant for the payment of this sum ; he admitted the receipt of it, but stated that he had used it for other purposes, but would have money to re-place it, and would make payment in a few days. Payment was never made, and to recover this sum plaintiff brings this suit.

Upon trial, the deposition of plaintiff was read in evidence. Defendant assigns error upon the refusal of the court to sup-press this deposition. The ground of his motion therefore was that the certificate of the officer who took the deposition was simply to the effect that it was read to the witness previous to his signature,—the complaint of defendant being that the officer should have certified that the deposition was " care-fully " read before signing, following the words of the statute. The certificate of the officer was a full compliance with the statute. The object of the requirement that the interroga-tories and answers submitted to the witness on the taking of his deposition should be first carefully read to him before he signed it, is that the witness may know what the scrivener has written down, and that he may, before his deposition is complete, have an opportunity to correct any errors or inac-curacies of statement which may have occurred. When the deposition is offered with the signature of the witness to it, and the certificate of the officer that it was read to the wit-ness before it was signed, we think that the reasonable and conclusive presumption is that it was read with that care which the statute contemplated. Certainly the sole object of the statute was subserved. The witness had the opportunity to see that his statements were correctly written.

Defendant also contends that he should not be liable, be-cause he was acting throughout the entire transaction as an

agent for the securities company, and that during all of the time, this agency was known to both Rhodes and plaintiff. The contention therefore is that the securities company was the party liable, and that it should have been made a party to this suit. In refutation of this it need only be said that all of this may be true, yet it does not relieve defendant, because he was the agent of Rhodes to receive the money from the securities company for him, and to pay it over to him or to his order; and when he did receive such money, he held it as the agent of Rhodes. There was no conflict in this respect between the duties which he owed as agent to the securities company and to Rhodes, such as to prevent his being the agent for both parties. He had been expressly made such agent, had accepted the appointment, and had thus far discharged the duties without complaint or objection.

All of the other questions raised are in our opinion dependent upon matters of fact, which must have been found by the court against the defendant; and such findings not being manifestly against the weight of the evidence, under the usual rule they must be conclusive upon this court. Such is the question upon which defendant relies chiefly for his defense, as to whether there was some oral agreement or understanding outside of the written application for a loan by which defendant was not to receive all of this money until certain improvements were completed, and also as to whether the securities company instructed him when it remitted this $200, not to pay it until the improvements had been completed. These are all matters of fact, and it is not necessary to extend this opinion by a recital or discussion of them. We think the court was justified in its conclusions, and that the judgment rendered should not be disturbed. It will therefore be affirmed.

*Affirmed.*